UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY P. HEIMANN, JR. | No. 1:24-cr-00116-JAW |

**PROSECUTION VERSION OF THE OFFENSE**

On about May 9, 2023, in the District of Maine, the defendant, Gregory P. Heimann, Jr., did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the Department of Veterans Affairs ("VA"), a federal agency within the executive branch of the Government of the United States, in violation of Title 18, United States Code, Section 1001(a)(2). Specifically, the defendant falsely represented that he had been wheelchair bound since 2004 and was unable to walk or stand.

In this regard, the evidence would show that the Defendant was enlisted in the U.S. Army from November 30, 1993, through January 29, 1997, when he was honorably discharged. From April 1997 to May 2005, the Defendant was enlisted in the U.S. Army National Guard. Beginning in 1996, the Defendant submitted several claims to the VA for disability benefits.

In August 2008, the Defendant submitted a claim to the VA relating to unemployability and another medical condition. Following an examination in October 2008, the clinician concluded that there was no change in the Defendant's diagnosis and that it was a permanent condition (meaning that his disabilities were not expected to improve due to it being related to nerve injury and that periodic re-evaluations would

not be needed) at that time. The clinician also noted that the Defendant stated he could not support himself on his legs and that he was considered a Paraplegic and required assistance with all transfers in and out of his wheelchair, and with all daily requirements of life. During the exam, clinical staff had to transfer the Defendant from his wheelchair to the exam table, as the Defendant indicated he could not transfer himself.

On January 16, 2009, the Veterans Benefits Administration (VBA) issued a rating decision for the Defendant, finding that he had a service-connected disability for loss of use of both feet, which was evaluated at 100% disabled, effective October 21, 2008. The VA also found the Defendant to be entitled to special monthly compensation for loss of use of bilateral lower extremities from October 21, 2008. Based on this rating decision, the Defendant received monthly benefits from the VA.

In February 2022, the VA sent a letter to the Defendant indicating that he received approximately $5,000 per month in VA disability benefits, that he was permanently disabled, and was approved to receive a special home adaptation grant.

In 2023, the VBA arranged for a reexamination of the Defendant to evaluate any improvements in his stated conditions. On May 9, 2023, the Defendant submitted to a clinical examination by a VA contracted clinician in Houlton, Maine. At that exam, the Defendant appeared in a wheelchair, and he told the examiner that he was wheelchair bound and unable to bear weight with his legs. The Defendant said that he had been wheelchair bound since 2004 and could no longer walk. After the examination, federal agents followed the Defendant to a hardware store in Danforth, Maine, where they observed the Defendant standing in the parking lot without the use of any adaptive equipment. A federal agent video recorded the Defendant standing and walking around

the store without issue.

Investigators obtained video surveillance from Walmart and Machias Savings Bank, which shows, respectively, the Defendant standing and walking on multiple occasions in 2023 and 2024 without the use of any adaptive equipment.

On February 22, 2024, federal agents interviewed the Defendant in Bangor, Maine. The Defendant appeared in a wheelchair and said he began using a wheelchair around 2006 and was in it most of the time. During the interview, the Defendant ultimately admitted that his condition began to improve around 2015 or 2016, that he was afraid of losing his lifestyle and didn't want his benefits to change, and that his statements to the clinician in May 2023 needed to be "reworked."

The evidence obtained during the investigation shows that the Defendant's statements to the clinician during the VA examination on May 9, 2023, regarding his inability to walk and his representation that he was wheelchair bound were false and inaccurate. As a result of these false statements, the Defendant received disability benefits from the VA, including special monthly compensation for loss of use of both feet, to which he otherwise would not be entitled.

Had this case proceeded to trial, the Government would have proven the above facts through witness testimony, digital evidence, and documentary evidence. The Government would have introduced in evidence records from the VA relating to the Defendant's claims for benefits and the VA's rating decision. The Government would have offered the testimony of the clinician who examined the Defendant on May 9, 2023, to testify about the Defendant's statements that he was unable to walk and was wheelchair bound. The Government would have introduced in evidence the Defendant's

recorded interview with federal agents, as well as video footage taken by law enforcement from physical surveillance of the Defendant, as well as video footage from Walmart and Machias Savings Bank. The evidence would have been sufficient to prove beyond a reasonable doubt the charge contained in the Indictment.

Date: October 19, 2026

Respectfully submitted,

ANDREW B. BENSON
United States Attorney

BY: ***/s/ Alisa Ross***
Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
Alisa.Ross@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I filed the Government's Prosecution Version of the Offense with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

James S. Nixon, Esq.
Counsel for the Defendant

ANDREW B. BENSON
United States Attorney

BY: ***/s/ Alisa Ross***
Alisa Ross
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Room 111
Bangor, ME 04401
(207) 945-0373
Alisa.Ross@usdoj.gov